UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PARTNERS HEALTHCARE SYSTEM, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civ. Action. No. 06-11436-JLT |
| | * | |
| WALTER J. SULLIVAN, JR., DORCA I. GOMEZ, and CYNTHIA A. TUCKER, in their official capacities as Commissioners of the MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, COMMONWEALTH OF MASSACHUSETTS, and JASON WEBSTER, | * * * * * * * | |
| Defendants. | * | |

MEMORANDUM & ORDER

July 31, 2007

TAURO, J.

On June 25, 2007, this court denied Defendants' Motion to Dismiss and Rule 56(f) Motion to Deny Plaintiff's Motion for Summary Judgment as Premature.[1] At that time, the court held that MCAD Defendants' investigation of Plaintiff's ERISA plans for violation of Massachusetts sexual orientation and "associational sex" anti-discrimination laws was preempted in a facially conclusive manner by the federal Employee Retirement Income Security Act ("ERISA"). After so concluding, this court determined that the alleged discrimination at issue was not protected under Title VII and that, therefore, any state law prohibition on that discrimination would be preempted under ERISA. Despite reaching this conclusion, the court did not enter the requested injunctive relief at that time, noting that Defendants had explicitly and

---

[1] Partners Healthcare Sys. v. Sullivan, No. 06-11436, 2007 U.S. Dist. LEXIS 45712 (D. Mass. Jun 25, 2007). This Memorandum assumes familiarity with the court's earlier decision.

properly requested the right to respond to Plaintiff's Motion for Summary Judgment, should their Rule 56(f) motion be denied.

Defendants have since filed this opposition, which advances three main arguments. First Defendants argue that, as a matter of undisputed fact, Plaintiff's plans provide benefits to same-sex domestic partners, regardless of their sexual orientation. In this way, Defendants argue that Plaintiff is engaging in associational sex discrimination.[2] Defendants reason that two individuals of the same sex who were sharing financial responsibility for a joint residence could qualify for Plaintiff's same-sex domestic partner benefits regardless of the individuals' sexual orientation. But, domestic partners of different genders would not qualify, regardless of their sexual orientation. Plaintiff disputes that the definition of domestic partner contained in its Plan is so broad.

This court need not decide how Plaintiff's plan defines "domestic partnership." As this court has already ruled, Defendants offer no legal support for the broad claim that Title VII protects against all discrimination based on the gender of a person with whom an employee associates. Rather, as the Sixth Circuit has ruled, a recognized legal theory of sexual stereotype discrimination could protect against such associational discrimination where the employee exhibits "characteristics that were readily demonstrable in the workplace."[3] Regardless of the definition of

---

[2] As described in the June 25 Memorandum, state law that protects against sex discrimination that is barred by Title VII would not be preempted by ERISA. Id. at *18-19.

[3] Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 763 (6th Cir. 2006).

Vickers is of course not First Circuit precedent. But, this court adopts it as persuasive precedent, necessary to resolve the tension created between the Supreme Court decision in Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989), and other precedent which establishes that sexual orientation is not protected under Title VII. This tension stems from the fact that Price

domestic partner contemplated by Plaintiff's Plan, Plaintiff is not discriminating based on any such readily apparent characteristic. The gender of Defendant Webster's roommate is no more demonstrable in the workplace than the sexual orientation of his domestic partner.

Defendants rely on the Equal Employment Opportunity Comission's ("EEOC") decision in Cooke.[4] In that case, an employee was harassed for his association with a homosexual female co-worker. The EEOC reversed a grant of summary judgment, reasoning that the harassment was based on the co-worker's gender, and not just her sexual orientation.[5] There, the association was a clearly apparent workplace friendship. Defendants ask this court to use this Cooke decision to rule that Title VII protects against discrimination directed towards an employee based on the gender of the person with whom he or she associates outside of work. Such an application, however, would effectively amount to protection of sexual orientation, which the First Circuit has determined not to be protected under Title VII.[6] This court declines to take that step, and rejects

---

Waterhouse bans discrimination on the basis of sexual stereotypes. Certainly, some discrimination directed towards homosexual employees is based on those employees' non-compliance with associational gender stereotypes. In this way, skilled litigators can cast a claim of sexual orientation discrimination as sex discrimination.

But sexual orientation is not protected under Title VII. Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252 (1st Cir. 1999). Therefore, there must be some limit to the protection for stereotyping discrimination afforded in Price Waterhouse. While a higher court might have the authority to modify the controlling precedent of Price Waterhouse or Higgins, the district court must find a way to not upset either precedent. The test employed in Vickers coherently maintains both rules, and this court adopts it.

[4] Cooke v. Nicholson, EEOC Doc. 05A60305, 2006 WL 842209 (EEOC March 23, 2006).

[5] Id.

[6] Higgins, 194 F.3d at 259.

Defendants' argument that Plaintiff's discriminatory provision of benefits only to same-sex domestic partners is in violation of Title VII.

Because the provision of benefits under Plaintiff's plans does not defy Title VII, and for the reasons stated in this court's earlier decision, Plaintiff's complaint presents a facially conclusive claim of preemption.

Second, Defendants resurrect their Younger abstention arguments, attacking this court's conclusion that it can decide this case by saying "what the law is" without "delving into the facts." This court's prior opinion explained that Younger preemption is mandatory where facts need development. But the opinion recognized that the purported disputed facts regarding whether Plaintiff's plans were protected by ERISA were not material to the relief sought. Defendants suggest that by choosing not to delve into those facts, this court will be rendering an improper advisory opinion. But real cases and controversies can often be resolved as a matter of law, without the need for factual development.[7] This court continues to see no need for factual development here that would inhibit granting the relief requested in the Complaint.

Additionally, the Defendants attack this court's statement that it is the court's duty to "say what the law is," noting that Younger abstention establishes the proposition that there are times that a federal district court should not interfere with the resolution of legal questions before a state agency. But, this court adequately explained why the facially conclusive preemption exception to Younger abstention applied in this case. When this court went on to opine that it was its duty to "say what the law is," it was not ignoring Younger, but rather deciding that only factual uncertainty, not uncertainty as to "what the law is," should be sufficient to make a claim

---

[7] See, e.g., Fed. R. Civ. P. 12(b)(6).

4

inconclusive.  Nothing in Defendants' brief causes this court to reconsider this position.

The relief requested in the Complaint is an injunction preventing the MCAD Defendants from conducting any further investigation under state law.  As their final argument, Defendants note that this court commented that it was not asked to, would not be able to, and would not issue an injunction restraining the MCAD from investigating Plaintiff under Title VII.[8]  Defendants argue, "For the same reason, the MCAD's investigation of associational sex discrimination under G.L. c. 151B also cannot be facially conclusively preempted, since state anti-discrimination laws cannot be preempted by ERISA to the extent that they mirror the scope of Title VII."  This reasoning misconstrues the court's comment.  In noting that this court was without authority to enjoin any Title VII investigation, the court did not undermine its decision that Plaintiff's plans were not in violation of Title VII.

The court held that Title VII did not proscribe Plaintiff's discriminatory acts.  It, therefore, held that state laws which did proscribe those acts were facially conclusively preempted, and should be enjoined under an established exception to the Younger doctrine.  Therefore, if the MCAD determines that the plans are regulated by ERISA, it must stop investigating the plans under state law.  But, because no similar exception to the Younger doctrine applies to allow this court to impose its construction of Title VII on the MCAD, it would not be proper to issue an injunction limiting an investigation conducted pursuant to Title VII.  That the court may not impose its reasoning by issuing an injunction with respect to Title VII does not prohibit this court from employing such reasoning to assess whether the state law claims mirror possible Title VII

---

[8] Partners Healthcare, 2007 U.S. Dist. LEXIS 45712, at *26-27 n.54.

claims or are, instead, preempted. Finding that Title VII does not protect the alleged discrimination, the only correct action is for this court is to enjoin the preempted state claims, but take no action with respect to any ongoing state investigation regarding the federal claims.

Accordingly, the court hereby orders:

Plaintiff's Motion for Summary Judgment [#8] is ALLOWED.

MCAD Defendants are hereby enjoined from investigating or adjudicating the question of the compliance of Plaintiff's ERISA benefit plans with Massachusetts state sexual orientation and "associational sex" anti-discrimination law or regulations. This order does not prevent the MCAD Defendants from continuing to investigate whether Plaintiff provides any non-ERISA benefits and, if so, whether those non-ERISA benefits are provided in a manner inconsistent with state law. But, once the MCAD Defendants determine, using the MCAD's normal adjudicative procedures to resolve factual disputes, that a given employee benefit is provided in accordance with ERISA, MCAD Defendants shall cease investigating whether the provision of such benefit is in violation of state sexual orientation and "associational sex" anti-discrimination laws.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro
United States District Judge